*263
 
 GERBER, J.
 

 In this direct appeal from a conviction, the appellant alleges that his trial counsel was ineffective. We affirm, finding that the appellant has not shown any basis to raise ineffectiveness of counsel on direct appeal.
 

 The State charged the appellant with cocaine possession and cannabis possession. The State also alleged that those offenses violated the appellant’s probation on an earlier case. At the final violation of probation hearing, the appellant, through counsel, presented witnesses and evidence seeking to show that the appellant did not possess the illegal substances. The trial court found that the appellant violated his probation by committing the new offenses, and sentenced the appellant to prison. However, at the jury trial on the new offenses, the appellant’s counsel did not present the defense raised at the final violation of probation hearing. The jury found the appellant guilty and the trial court sentenced the appellant to incarceration concurrent with the violation of probation sentence. In this direct appeal, the appellant alleges that his trial counsel was ineffective in not presenting the defense raised at the final violation of probation hearing.
 

 The appellant has not shown any basis to raise ineffectiveness of counsel on direct appeal. In
 
 Smith v. State,
 
 998 So.2d 516 (Fla.2008), the supreme court stated:
 

 Claims of ineffective assistance of trial counsel are usually presented in a post-conviction motion under Florida Rule of Criminal Procedure 3.850. Under that rule, the circuit court can be specifically presented with the claim, and apply the
 
 Strickland
 
 standard with reference to the full record and any evidence it may receive in an evidentiary hearing, including trial counsel’s testimony. Thus, ineffective assistance claims are not usually presented to the judge at trial, and we have repeatedly stated such claims are not cognizable on direct appeal.... We recognize that ‘[tjhere are rare exceptions where appellate counsel may successfully raise the issue on direct appeal because the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue.’ Thus, in the rare case, where both prongs of
 
 Strickland
 
 — the error and the prejudice — -are manifest in the record, an appellate court may address an ineffective assistance claim.
 

 Id.
 
 at 522-23 (internal citations omitted); see
 
 a ho Jones v. State,
 
 815 So.2d 772, 772 (Fla. 4th DCA 2002) (“[Ineffective assistance of counsel will only be addressed on direct appeal for the first time when the facts giving rise to the claim are apparent from the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown.”).
 

 The appellant’s claim does not meet any of these criteria. We therefore decline to address that claim on this direct appeal. This opinion, however, is without prejudice to the appellant raising his claim in an appropriate 3.850 motion. We make no comment on whether such a motion would have merit or not.
 

 Affirmed.
 

 GROSS, C.J., and DAMOORGIAN, J.,. concur.